IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROGER STANLEY BLISS and<br>KEVIN CARLTON FORTNEY,<br><br>                    Defendants. | Case No. 2:15-cr-00484-DN<br><br>ORDER TO CONTINUE TRIAL DATE AND EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION<br><br>Judge Dustin B. Pead |

Based on the defendant's motion to continue the trial date, the government's response, and the stipulated reply, and good cause appearing, the Court makes the following findings:

1. The defendant appeared before the United States Magistrate Judge Paul Warner on September 29, 2015, activating the time limits of the Speedy Trial Act ("STA"). Judge Warner scheduled the defendant's jury trial to commence December 7, 2015, within 70 days of the arraignment. Defendant Fortney filed his motion to continue trial on October 29, 2015, suspending the speedy trial clock.

2. 30 days have passed under the STA clock.

3. Without an extension or continuance, the jury trial is still scheduled to commence December 7, 2015.

4. No previous continuance motions or requests for extensions have been made.

5. The defense needs at least 112 days beyond the currently scheduled trial date of December 7, 2015 to secure the testimony of co-defendant Roger Stanley Bliss, who has pleaded guilty in this case but has not yet been sentenced. His sentencing in this case is currently

scheduled for December 16, 2015, but may be continued.  Mr. Bliss has also pleaded guilty in a state case but has not yet been sentenced in that case either.[1]  Additional time is needed for co-defendant Bliss to be sentenced before he will be able to testify on behalf of defendant Fortney.

6.     Pursuant to 18 U.S.C. § 3161(h)(3)(A)-(B), "Any period of delay resulting from the absence or unavailability of . . . an essential witness" shall be excluded when computing the speedy trial clock.  "[A]n essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence. . . ."  With the potential threat of an increased sentence from either the federal or state judge, Fortney, taking into account due diligence, cannot compel the presence and testimony of co-defendant Roger Bliss until he has been sentenced at the federal and state level.  It is believed that co-defendant Bliss is an essential witness in Fortney's case because Bliss may have knowledge of exculpatory circumstances that mitigate Fortney's culpability.

7.     Therefore, the Court finds, pursuant to 18 U.S.C. § 3161(h)(3)(A), for the purposes of this continuance only, co-defendant Roger Stanley Bliss is an "essential witness" to defendant Fortney's case.  The Court also finds that due to his pleas at the federal and state level, co-defendant Roger Stanley Bliss is considered "unavailable" for purposes of the STA, and Bliss' presence cannot be secured by the defendant, taking due diligence into account, until Bliss is sentenced at the federal and state level.

8.     Additionally, failure to grant the requested motion to continue would likely deny Fortney reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

---

[1] State v. Roger Bliss, 3rd District Court, Case No. 151907989.

9.       Fortney will not be prejudiced by the requested continuance in that he is not in custody and agrees to waive his rights under the speedy trial act and have all time excluded. Indeed, Fortney will be prejudiced unless is granted this continuance.

10.      Fortney agrees that the time between the original continuance motion and the newly set trial date should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).

11.      Fortney asserts that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

12.      The defense has spoken with Assistant U.S. Attorney, shared this reply and proposed order with him, and he does not object to the continuance as long as statutorily sufficient findings are ordered by the Court, tolling the speed trial clock.

### **ORDERED**

The trial previously scheduled to begin on December 7, 2015, is hereby continued to the 21st day of March, 2016, at 8:30 a.m. All time between October 29, 2015 and the new trial date set by this order is excluded from computation of time under the Speedy Trial Act.

Dated this 19th day of November, 2015.

_____
THE HONORABLE DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE